# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MANUEL SOTO,

        Defendant.

Case No. 20-CR-185-7-JPS

**ORDER**

## 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 24, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Apr. 24, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In January 2024, Defendant Manuel Soto ("Defendant") filed a letter inquiring whether he is eligible for a sentence reduction under Amendment 821 or under the First Step Act. ECF No. 778. For the reasons discussed herein, the Court will decline to reduce Defendant's sentence under Amendment 821 and concludes that Defendant is not eligible for a sentence reduction under the First Step Act.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 ("Count One") and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Four"). ECF Nos. 346, 689. In July 2022, Defendant appeared before the Court for sentencing. ECF No. 683. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 27
> Criminal History Category: IV
> 120 to 125 months imprisonment as to Count One
> 60 months imprisonment as to Count Four, consecutive to the term of imprisonment for all other counts

*Id.* Additionally, both Counts One and Four carried statutory mandatory minimum terms of imprisonment, of 120 months and 60 months consecutive, respectively. ECF No. 690 at 1. The Court sentenced Defendant to the statutory mandatory minimum terms of imprisonment for each count of conviction—120 months as to Count One, and 60 months as to Count

Four, to operate to run consecutively—for a total term of imprisonment of 180 months. ECF No. 683 at 2; ECF No. 689 at 2.

Defendant is currently incarcerated at Fairton FCI with a projected release date in May 2034. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 25, 2024).

3.  **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to U.S.S.G. §1B1.10 clarifies that a reduction "is not authorized under . . . § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. Nevertheless, the Court may not reduce Defendant's sentence under Amendment 821 because Defendant was subject to, and received as to each count of conviction, a mandatory minimum term of imprisonment. ECF No. 690 at 1. The Court is therefore constrained to deny Defendant's request for a sentence reduction under Amendment 821, ECF No. 778, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

The Court reaches the same conclusion with respect to Defendant's inquiry regarding the First Step Act. ECF No. 778 at 1 ("My question is am I el[i]gible to receive First Step Act on Count 1[?]").[2] An offender is eligible for a sentence reduction under the First Step Act only if he previously received 'a sentence for a covered offense.'" *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (quoting § 404(b), 132 Stat. 5222). Defendant's conviction for conspiracy to possess with intent to distribute marijuana is not a covered offense. *See United States v. Sanchez*, No. 4:10-CR-40022-NJR-1, 2019 U.S. Dist. LEXIS 126854, at *3–4 (S.D. Ill. July 30, 2019) ("Here, not only was

---

[2]Although it is not entirely clear, it does not appear that Defendant purports to move for compassionate release under the First Step Act. Accordingly, the Court engages in no such analysis.

[Defendant] sentenced after August 3, 2010, and under the 2010 Sentencing Guidelines, which incorporated the amendments made by the Fair Sentencing Act, but his offenses do not involve crack cocaine. Thus, the provisions of both the Fair Sentencing Act of 2010 and the First Step Act of 2018 are inapplicable." (citing *United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019) and *United States v. Blocker*, 378 F. Supp. 3d 1125, 1132 (N.D. Fla. 2019))); *United States v. Smith*, No. 15-cr-40074-JPG, 2022 U.S. Dist. LEXIS 97977, at *1 (S.D. Ill. June 1, 2022) ("The Court has already denied [the defendant's] motion for a sentence reduction under § 404 of the [First Step Act], which essentially retroactively applies the new crack cocaine statutory sentencing ranges of the Fair Sentencing Act of 2010. . . . The Court denied the motion because [the defendant] was not convicted of a crack cocaine crime, the only kind of crime for which the statutory range was changed by the Fair Sentencing Act."). Defendant is not, therefore, eligible for a sentence reduction under the First Step Act.

Accordingly,

**IT IS ORDERED** that Defendant Manuel Soto's letter, ECF No. 778, regarding eligibility for a sentence reduction under Amendment 821 or the First Step Act be and the same is hereby **DENIED** to the extent the Court construes it as moving for such reduction.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge