UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

            Plaintiff,

v.

MANUEL SOTO,

            Defendant.

Case No. 20-CR-185-7-JPS

**ORDER**

In December 2021, Defendant Manuel Soto ("Defendant") agreed to plead guilty to a count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and possession of a firearm in furtherance of a drug trafficking offense. ECF No. 346. In July 2022, the Court sentenced him to a mandatory minimum total term of imprisonment of 180 months. ECF No. 689 at 2; ECF No. 690 at 1. Defendant is currently incarcerated at Fairton FCI with a projected release date in June 2034. Inmate Locator, FED. BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (last visited Oct. 18, 2024).

In January 2024, Defendant wrote a letter to the Court inquiring if was eligible to receive a sentence reduction under the First Step Act or under Part A of Amendment 821 (the "Status Point Amendment"). ECF No. 778; *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminalhistory-amendment [https://perma.cc/T954-GQFK]. In April 2024, the Court entered an order "declin[ing] to reduce Defendant's sentence under Amendment 821 and conclud[ing] that Defendant [wa]s not eligible

for a sentence reduction under the First Step Act." ECF No. 797 at 2. The Court explained that it could "not reduce Defendant's sentence under Amendment 821 because Defendant was subject to, and received as to each count of conviction, a mandatory minimum term of imprisonment." *Id.* at 4 (citing ECF No. 690 at 1); *id.* at 3–4 (noting that a reduction under Amendment 821 "is not authorized under . . . § 3582(c)(2) and is not consistent with [the] policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision" such as "a statutory mandatory minimum term of imprisonment" (quoting U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A))). The Court further explained that Defendant was not eligible for a sentence reduction under the First Step Act because he did not receive "a sentence for a covered offense"—one involving crack cocaine. *Id.* at 4–5 (quoting *Terry v. United States*, 593 U.S. 486 (2021) and citing *United States v. Sanchez*, No. 4:10-CR-40022-NJR-1, 2019 U.S. Dist. LEXIS 126854, at *3–4 (S.D. Ill. July 30, 2019) and *United States v. Smith*, No. 15-cr-40074-JPG, 2022 U.S. Dist. LEXIS 97977, at *1 (S.D. Ill. June 1, 2022)).

Now before the Court is another pro se motion for a sentence reduction, this time ostensibly under "18 U.S.C. § 3582(c)(2), 28 U.S.C. § 944( ), Amendment 782, 1B1.13(b)(6) of the amended Guideline Manual." ECF No. 800 at 1. He also references Amendment 788 of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), and he again invokes the Status Point Amendment. *Id.* at 2.

It is not clear why Defendant again seeks a sentence reduction under the Status Point Amendment; he apparently either did not receive, did not understand, or simply ignored the Court's April 2024 order informing him

Page 2 of 6
Case 2:20-cr-00185-JPS   Filed 10/18/24   Page 2 of 6   Document 801

that it could not reduce his sentence under that amendment. ECF No. 797 at 4. Nothing in the calculus with respect to the impropriety of granting a reduction to Defendant's sentence under the Status Point Amendment has changed; the Court's conclusion that it could not grant Defendant a sentence reduction under Amendment 821 stands.

Nor is Defendant's invocation of Amendments 782 and 788 any more meritorious. For one, Amendment 788 is not a "[c]overed [a]mendment[]" under U.S.S.G. § 1B1.10(d), so Defendant cannot rely on it for purposes of his motion under § 3582(c)(2). *See United States v. Driver*, No. 1:01-CR-97, 2008 U.S. Dist. LEXIS 24786, at *5–6 (N.D. Ind. Mar. 27, 2008) (quoting *United States v. Snyder*, No. 1:99-CR-11 WCL, 2008 U.S. Dist. LEXIS 10158, at *11 (N.D. Ind. Feb. 11, 2008)).

But there is yet another problem. Section 3582(c)(2), the statutory provision on which Defendant relies, provides that "the court may reduce the term of imprisonment," to the extent that such reduction is "consistent with applicable policy statements issued by the Sentencing Commission" and with "the factors set forth in section 3553(a)," "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range *that has been subsequently lowered* by the Sentencing Commission . . . ." (emphasis added). But Amendments 782 and 788 were made effective approximately a decade ago,[1] and the Court sentenced Defendant in July

---

[1] *Amendment 788*, U.S. SENT'G COMM'N, *available at* https://www.ussc.gov/guidelines/amendment/788 [https://perma.cc/U3PK-8Y4H] (last visited Oct. 18, 2024) ("The effective date of this amendment is November 1, 2014."); *Amendment 782*, U.S. SENT'G COMM'N, *available at* https://www.ussc.gov/guidelines/amendment/782 [https://perma.cc/HMX2-VS9C] (last visited Oct. 18, 2024) ("The effective date of this amendment is November 1, 2014.").

2022. ECF No. 683. In other words, he was not sentenced based on a sentencing range that was "subsequently lowered" by Amendments 782 or 788; those sentencing amendments were already in effect by the time he was sentenced. § 3582(c)(2). Courts at sentencing "use the Guidelines Manual in effect on the date that the defendant is sentenced," *United States v. Hathcoat*, 30 F.3d 913, 919 (7th Cir 1994) (quoting U.S.S.G. § 1B1.11 and citing *United States v. Seacott*, 15 F.3d 1380, 1386 (7th Cir. 1994)), so Amendments 782 and 788—made effective in 2014, *supra* note 1—were already incorporated into the Guidelines applicable to Defendant at the time of his sentencing. Indeed, § 1B1.10(b)(1) of the Guidelines instructs courts reviewing motions under § 3582(c)(2) to "determine the amended guideline range that would have been applicable to the defendant *if the amendment(s) . . . had been in effect at the time the defendant was sentenced*." That directive would make no sense if a movant could, as here, purport to rely on amendments that were already in effect at the time of sentencing.

Even if all that were not the case, however, the Court would in any event be unable to grant Defendant a sentence reduction under § 3582(c)(2) because, as the Court earlier noted, Defendant was subject to, and received on both counts of conviction, statutory mandatory minimum terms of imprisonment. ECF No. 690 at 1 ("Count One . . . carries a statutory mandatory minimum sentence of 120 months. Count Four . . . carries a statutory mandatory minimum term of 60 months, to be served consecutive to a term of imprisonment for all other counts."); ECF No. 689 at 2 (sentencing Defendant to "a term of . . . (120) months as to Count One . . . , and a term of . . . (60) months as to Count Four . . . to be served consecutive to the sentence imposed as to Count One, for a total imprisonment term of . . . (180) months").

"When the sentencing guidelines are amended, a district court may reduce a prisoner's sentence only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Trapps*, 289 F. App'x 953, 953 (7th Cir. 2008) (quoting 18 U.S.C. § 3582(c)(2)). "[A] reduction in the defendant's term of imprisonment is not authorized under . . . § 3582(c)(2) and is not consistent with [§ 1B1.10 (Policy Statement)] if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another . . . statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A). Such is the case here. "Because [the defendant] received the statutory mandatory-minimum sentence[s] for his crime[s], the district court . . . lack[s] authority to reduce [his] sentence any further" under § 3582(c)(2). *Trapps*, 289 F. App'x at 954 (collecting cases). Because Defendant received statutory mandatory minimum terms of imprisonment on both counts of conviction, the Court cannot reduce his sentence under § 3582(c)(2), regardless of which Guidelines amendments Defendant references.

Lastly, although Defendant passingly references U.S.S.G. § 1B1.13(b)(6), ECF No. 800 at 1, which relates to motions for compassionate release under § 3582(c)(1)(A), Defendant does not actually appear to move for compassionate release. To the extent that he intended to do so, his passing reference to § 1B1.13(b)(6) is insufficient. If he wishes to seek compassionate release from the Court under § 3582(c)(1)(A), he must first submit such a request directly to the Warden of his place of confinement and subsequently "exhaust[] all administrative rights." § 3582(c)(1)(A).

Accordingly,

**IT IS ORDERED** that Defendant Manuel Soto's pro se motion for a sentence reduction, ECF No. 800, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge