# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL SOTO,<br><br>Defendant. | Case No. 20-CR-185-7-JPS<br><br>**ORDER** |

In December 2021, Defendant Manuel Soto ("Defendant") agreed to plead guilty to a count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and possession of a firearm in furtherance of a drug trafficking offense. ECF No. 346. In July 2022, the Court sentenced him to a mandatory minimum total term of imprisonment of 180 months. ECF No. 689 at 2; ECF No. 690 at 1. Defendant is currently incarcerated at Fairton FCI with a projected release date in July 2034. Inmate Locator, FED. BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (last visited May 8, 2025).

Defendant now moves for a sentence reduction, ostensibly pursuant to 18 U.S.C. § 3742 and Federal Rule of Criminal Procedure 35(b)(2)(B). ECF No. 803. But neither of these provide a basis for the Court to reduce Defendant's sentence in this case. 18 U.S.C. § 3742 merely sets forth the criminal federal appellate process and codifies a defendant's appellate rights. It does not authorize or create an independent basis for a reduction in a defendant's sentence. *See, e.g., United States v. Mull*, No. 4:99CR3043, 2008 U.S. Dist. LEXIS 76456, at *1–2 (D. Neb. Sept. 11, 2008) ("[18 U.S.C.

§ 3742] does not authorize district courts to modify sentences." (citing *United States v. Auman*, 8 F.3d 1268, 1270–71 (8th Cir. 1993) and *United States v. Savage-El*, 81 F. App'x 626, 627 (8th Cir. 2003))). And while Rule 35(b) contemplates sentence reduction, it enables only the Government—not the defendant—to seek relief thereunder. Fed. R. Crim. P. 35(b)(2) ("Upon the *government's* motion" (emphasis added)); *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) ("Rule 35(b) provides a mechanism for the *government* to seek a reduction in a defendant's sentence . . . .").

Defendant also references "the Amended Statement Policy for consolidation of Drug Trafficking and possession of firearm in furtherance of drug trafficking[,] Promulgated . . . Nov. 1, 2024." ECF No. 803 at 2. The Court does not know to what this refers. The word "consolidate" appears nowhere in the November 1, 2024 Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index. *Amendments to the Sentencing Guidelines*, U.S. SENT'G COMM'N [https://perma.cc/8FSV-C72K] (April 2024). The Court is accordingly unable to discuss further whether any such amendments might apply to Defendant. Should Defendant wish to renew this aspect of his motion with greater specificity, he may attempt to do so.

Lastly, Defendant asserts a "sentence disparity" and references United States Sentencing Guideline § 1B1.13(b)(6), demonstrating that he may also intend to seek compassionate release. ECF No. 803 at 2. But the Court can grant motions for compassionate release only after the defendant has fully exhausted his administrative remedies, 18 U.S.C. § 3582(c)(1)(A), and Defendant makes no reference to having done so. Motions for compassionate release also require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), *id.*, and Defendant similarly fails to

address that aspect of the analysis. In other words, to the extent that Defendant intended his motion for sentence reduction to also seek compassionate release, it is deficient. For all these reasons, the Court will deny Defendant's motion without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Manuel Soto's motion for sentence reduction, ECF No. 803, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge